

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 25, 1962

Mr. Bill F. Griffin, Jr.
County Attorney
Shelby County
Center, Texas

Dear Mr. Griffin:

Opinion No. WW-1357

Re: Whether a farm corpora-
tion can qualify for
farm license registra-
tion.

You have requested an opinion from this department relative
to the above captioned matter and specifically have submitted the
following five questions:

"1. Whether a farm corporation can qualify
for farm license registration.

"2. Are trucks which belong to the corpora-
tions and used only to haul the live
poultry raised on the farms from the
corporations' farms to market (process-
ing plants) eligible for farm license
registration?

"3. Are cars which belong to the corpora-
tions and used solely by supervisors
of the corporations to supervise the
farm operations subject to farm license
registration?

"4. Are trucks which belong to the corpora-
tions and used for the purpose of trans-
porting baby chicks from the corporations'
hatcheries to the corporations' farms
subject to farm license registration?
(Hatchery and farms owned by same
corporation).

"5. Are trucks which belong to the corpora-
tions and are used exclusively in hauling
eggs from the corporations' farms to the
corporations' places of business for
grading and sorting, subject to farm
license registration?"

In connection therewith you have submitted the following statement of facts:

"There are a number of corporations in Shelby and surrounding counties which raise and transport poultry in their own trucks to market. These poultry trucks are used exclusively for transporting poultry raised and belonging to the corporations to market and for no other purpose. Also, there are several other cars belonging to the corporations which are used only for transportation of the supervisors to the various farms for the purpose of inspecting the poultry being raised on the farms and supervising their care. There is a third set of vehicles owned by the corporations which are used only for the purpose of transporting baby chicks from the corporations' hatcheries to the farms owned by the corporations or to haul eggs from the farms to the corporations' principal places of business for the grading and sorting of the eggs."

Article 6675a-6a provides in part as follows:

"When a commercial motor vehicle is to be used for commercial purposes by the owner thereof only in the transportation of his own poultry, dairy, livestock, livestock products, timber in its natural state, and farm products to market, or to other points for sale or processing, or the transportation by the owner thereof of laborers from their place of residence, and materials, tools, equipment and supplies, without charge, from the place of purchase or storage, to his own farm or ranch exclusively for his own use, or use on such farm or ranch, the registration license fee shall be fifty per cent (50%) of the registration fee prescribed for weight classifications in Section 6 of this Act; provided, however, that the additional use of the vehicle as a means of passenger transportation, without charge, of members of the family to attend church or school, to visit doctors for medical treatment or supplies, and for other necessities of the home or family shall not prevent its registration as a farm vehicle. Nothing in the foregoing shall be interpreted as permitting the use of a farm licensed vehicle in connection with other gainful employment. . . ."

This department has ruled in previous opinions, to-wit, numbered O-3317, O-3780 and O-6113, that a person or corporation hauling poultry, dairy, livestock, livestock products, timber in its natural state, and farm products to market or places for processing, which such persons or corporations have produced themselves on their own property or property under their control by lease, or otherwise, by means of a commercial motor vehicle, as that term is defined by Art. 6675a-1, are entitled to register such commercial motor vehicle at 50% of the regular registration fees for such motor vehicle, which is commonly known as the farm license registration. The fact that the owner is a corporation or an individual makes no difference.

We are therefore of the opinion that each of the vehicles mentioned in your questions numbered 1, 2, 4 and 5 are qualified to be registered with a farm license and answer such questions in the affirmative.

Art. 6675a-1, Sec. (i) reads as follows:

"'Commercial Motor Vehicles' means any motor vehicle (other than a motorcycle or passenger car) designed or used primarily for the transportation of property, including any passenger car which has been reconstructed so as to be used, and which is being used, primarily for delivery purposes, with the exception of passenger cars used in the delivery of the United States mails. As amended Acts 1941, 47th Leg., p. 144, ch. 110 § 1."

The statute expressly prohibits a passenger car from being registered as a farm vehicle unless it has been reconstructed so as to be used and which is being used primarily for delivery purposes with the exception of passenger cars used in the delivery of the United States mails.

The State Highway Commission is given the authority to make rules and regulations, classifying vehicles for registration and the State Highway Commission has issued a rule and has instructed tax collectors that a passenger car may not be registered as a farm vehicle unless it has been completely reconstructed for the purpose of making delivery of property and thereby ceases to be a passenger car.

The cars referred to in your question numbered 3 appear to be regular passenger cars designed and used as such and comes within

the definition of a passenger car as defined by Art. 6675a-1, Sec. (j), and, therefore, in our opinion are not subject to being registered with farm license as provided by Art. 6675a-6a.

We therefore answer your question No. 3 in the negative.

### S U M M A R Y

Trucks owned by a corporation which are used by the corporation exclusively to haul poultry, baby chicks and eggs from their farms where they are produced, or from the hatchery to the farms, by the corporation to the place where they are processed or grown by the corporation are qualified to be registered as farm trucks.

Cars belonging to the corporation and used solely by supervisors of the corporation to supervise the farm operations are passenger cars and not subject to farm registration.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _____
J. H. Broadhurst
Assistant

JHB:ca

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Elmer McVey
Ernest Fortenberry
Iola Wilcox
Frank Booth

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore